UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JANICE VERDIN, ET AL.                          CIVIL ACTION

VERSUS                                         NO: 21-1976

BOB DEAN, JR., ET AL.                          SECTION: "A" (3)


**ORDER AND REASONS**

The following motion is before the Court: **Motion for Conditional Certification as a Collective Action and for Approval of Notice (Rec. Doc. 15)** filed by the plaintiffs, Janice Verdin, Catherine Naquin, Mary Helmer, Olivia Helmer, and Lauren Helmer. The defendants, Bob Dean, Jr., Maison De'Ville Nursing Home of Harvey, L.L.C., St. Elizabeth's Caring, L.L.C., Raceland Manor Nursing Home, Inc., Maison De'Ville Nursing Home, Inc., River Palms Nursing and Rehab, L.L.C., Uptown Healthcare Center, L.L.C., Bob Dean Enterprises, Inc., and Louisiana Healthcare Consultants, L.L.C, oppose the motion. The motion, noticed for submission on May 25, 2022, is before the Court on the briefs without oral argument.[1]

The claims in this action arise out of work performed at an Independence, Louisiana evacuation facility in the days immediately before, during, and after the landfall of Hurricane Ida in August 2021. Specifically, the named plaintiffs—Janice Verdin, Catherine Naquin, Mary Helmer, Olivia Helmer, and Lauren Helmer—were

---

[1] Oral argument has been requested but the Court is not persuaded that it would be beneficial.

among the nursing staff that were directed to report to a warehouse in Independence to ride out Hurricane Ida along with the evacuated nursing home residents. The plaintiffs allege that during the period August 27, 2021 through September 2, 2021, they worked excessively long hours and were not paid in full for the work they performed. (Rec. Doc. 1-2, Petition ¶ 7). All of the named plaintiffs were employed by South Lafourche Nursing & Rehab, which is the operating tradename for Raceland Manor Nursing Home, Inc. (*Id.* ¶ 6). Mr. Bob Dean, Jr. owns South Lafourche Nursing & Rehab, as well as the other defendant entities.

The crux of the Petition is an unpaid wage claim grounded on a text message received by the plaintiffs from one of Dean's employees; the text message contained hurricane daily pay rates for LPNs, CNAs, RNs, Ancillary(s), and Salary RNs, and these pay rates were very generous. (Petition ¶ 15). For instance, plaintiff Janice Verdin is an LPN who normally receives an hourly rate of $30.75, with time and a half for overtime. (*Id.* ¶¶ 11-12). The hurricane rate that she claims to have been promised was $2,250.00 per day. (*Id.* ¶ 15). But even though Verdin worked for a duration of seven days during the period that the hurricane daily rate was supposed to be in place, her pay stub for the period August 16, 2021 through August 31, 2021, amounted to a net pay of only $3,770.32. (*Id.* ¶ 24).

Verdin is alleged to be a manager or supervisory level employee. (*Id.* ¶ 19). Verdin claims that she is entitled to the promised hurricane rate of $2,250.00 per day plus overtime pay.[2] The Petition contains no allegations as to the other named plaintiffs

---

[2] Defendants seized upon the claim for overtime pay to remove the case to federal court even though the claim for failure to pay the promised hurricane day rate is based solely on

except that they are "similarly situated" to each other because they were not paid the full

amount of their wages due for the work that they performed. (*Id.* ¶ 26).

A jury trial is scheduled for December 5, 2022. (Rec. Doc. 17, Scheduling Order).

Relying on the two-step certification process articulated in *Lusardi v. Xerox*

*Corp.*, 118 F.R.D. 351 (D.N.J. 1987), the plaintiffs move for conditional certification of

this case as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. §

201, *et seq.*

The motion is denied for three reasons. First, in *Swales v. KLLM Transport*

*Services, LLC*, 985 F.3d 430 (5th Cir. 2021), the Fifth Circuit unequivocally rejected the

*Lusardi* two-step certification process in FLSA cases. Therefore, courts in this circuit no

longer apply that approach. All of the plaintiffs' cited cases pre-date the *Swales*

decision.

Second, the plaintiffs have failed to articulate how the failure to pay the allegedly

promised daily rate presents a cognizable claim under federal law. The FLSA is

concerned with payment of the mandated minimum wage and overtime. At least insofar

as Verdin is concerned, with a daily rate of $2,250.00 neither the failure to pay the

_____

state law and perhaps not even cognizable under the FLSA, which concerns overtime pay
and the minimum wage. The Petition alleges no federal claims and the allegations do not
support diversity jurisdiction. The Court expresses no opinion as to whether the defendants
were correct when they asserted in their notice of removal that the overtime claims were
only cognizable under the FLSA, *see Kidder v. Statewide Trans., Inc.*, 129 So. 3d 875, 880
(La. App. 3d Cir. 2013) (holding that employees engaged in *intrastate* commerce may
recover unpaid overtime under state law), because the plaintiffs mooted the point by moving
for certification under the FLSA thereby conceding that their overtime claims did in fact arise
under federal law, rendering the case removable.

mandated minimum wage nor the failure to pay overtime would be implicated.[3]  In other words, the Court can only certify an FLSA collective action grounded on a claim covered by the FLSA. The only claim that the Court discerns at this juncture to which the FLSA would apply is the overtime claim, and if Verdin proves that she is entitled to the hurricane daily rate, it is unclear how she believes that an hourly overtime rate would apply.[4]

Finally, as to the sole FLSA claim asserted, *i.e.*, failure to pay overtime, the Court gleans no factual allegations to support the otherwise conclusory assertion that the putative class members would be similarly situated to each other. The only connection that the Court gleans between Ms. Verdin and Mr. Michael Rivers, who is not a plaintiff but submitted a declaration in support of certification (Rec. Doc. 15-3), is that they both worked for companies owned by Bob Dean, Jr. and they both contend that they were promised a hurricane day rate that they were not paid. It is not clear how the other named plaintiffs are similarly situated to each other or to Verdin.

In sum, the Court is not persuaded that the plaintiffs have demonstrated that

---

[3] The Court's reasoning is as follows: if Verdin worked a 24 hour day, the hourly rate implicated by a daily rate of $2,250.00 would be $93.75 per hour, which far exceeds the minimum wage. Verdin never explains what hourly rate she believes that the overtime claim should apply to since the $2,250.00 was a daily rate not necessarily based on an eight hour day.

[4] Also unclear is whether the plaintiffs' employer did in fact fail to pay overtime wages. In other words, assuming that Verdin was not entitled to the hurricane daily rate, it is not clear that the pay stub for the period August 16, 2021 through August 31, 2021, which amounted to a net pay of $3,770.32, was not based on an hourly rate of $30.75 plus time and a half for overtime.

certification of an FLSA collective action is appropriate.[5]

Accordingly;

**IT IS ORDERED** that the **Motion for Conditional Certification as a Collective Action and for Approval of Notice (Rec. Doc. 15)** filed by the plaintiffs, Janice Verdin, Catherine Naquin, Mary Helmer, Olivia Helmer, and Lauren Helmer is **DENIED**.

June 6, 2022

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[5] The Court recognizes that when the plaintiffs filed this action in state court they sought certification as an ordinary class action. At least at this juncture, the plaintiffs have not demonstrated that class certification under Rule 23 would be appropriate either. Of course, the status of their individual claims is not affected by this observation.